(No. 5243—

MARIE RIVOLTORTO, GEORGE R. PASCUCCIELLO and YOLANDA ROMANAZZI, Claimants, vs. STATE OF ILLINOIS, Respondent.

Opinion filed May 11, 1971.

ERWIN M. PEARL, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimants Marie Rivoltorto, George R. Pascucciello, and Yolanda Romanazzi seek recovery of $20,000, $15,000

and $5,000, respectively for injuries incurred when an automobile in which they were riding collided with a snowplow truck owned and operated by respondent.

The facts are as follows:

Claimant, George R. Pascucciello, was driving a 1956 Chevrolet automobile in a northerly direction on the Eden's Expressway on March 17, 1965. Among his three passengers were claimants Marie Rivoltorto and Yolanda Romanazzi. All were enroute to their employment at the Hanson Steel Company. A heavy snow was falling that morning. A State of Illinois snowplow operated by Noel Paul was plowing the left lane of the highway. The plow was traveling about 10 or 15 miles per hour. Claimant Pascucciello was traveling about 15 or 20 miles per hour in the middle lane of the expressway and was attempting to pass the snowplow when the snowplow skidded or the blade fell into the middle lane, colliding with claimants' automobile.

Claimants must prove the following before they may recover: (1) freedom of claimants from contributory negligence, (2) negligence of respondent, (3) that respondent's negligence was the proximate cause of their injuries and (4) damages.

Claimants contend that the driver of the State snowplow operated the same negligently and carelessly in that he suddenly, without warning, turned right from the passing lane into the lane of traffic on which the claimants' vehicle was operating alongside the snowplow truck, and that the snowplow blade fell off the truck into claimants' path.

The respondent contends that the driver of the State of Illinois snowplow truck operated his vehicle with reasonable care under the circumstances, to clear snow from the highway on a "very snowy, very icy, very slippery highway;" (there was about 3.9 inches of snow in the area) that the snowplow truck skidded on an icepatch and

unavoidably swerved to the right; that claimants' auto had been in a place of safety behind the snowplow; that there were warning lights on the truck; that claimant left the area of safety and tried to pass the snowplow truck on an uncleared path without giving sufficient clearance to pass respondent's vehicle; and that the driver of claimants' car was contributorily negligent.

The respondent further charges that the passengers, Marie Rivoltorto and Yolanda Romanazzi, were guilty of contributory negligence because they allowed themselves to be placed in a condition of danger and did nothing to reduce or correct the danger, such as asking the driver of their auto to stay in the cleared path behind the snowplow or to avoid passing the truck too closely.

While the witnesses were not in agreement as to whether the snowplow blade suddenly fell in front of claimants' car or whether the truck skidded in front of claimants' car, it would appear that respondent was negligent.

There was no evidence that claimant was contributorily negligent in passing the snowplow by traveling in the middle lane or not swerving into the third lane. Weather conditions were not too dangerous to permit driving on the expressway, as evidenced from the testimony which established heavy traffic using the road at the time of the accident.

The claimant cites the similar case of *Hargrave* vs. *State*, 24 C.C.R. 463, 467, in which the court stated:

"Respondent claims that this was an unavoidable accident. It is the opinion of the Court that the doctrine of res ipsa loquitur is properly applied in the case at hand, since, if proper care had been used, a snowplow frame does not ordinarily fall off a truck causing the truck to come to a sudden stop."

The doctrine of res ipsa loquitur has been defined as follows:

"When an injury is caused by an instrumentality under the exclusive control of the party charged with negligence, and is such as would not ordinarily happen if the party having control of the instrumentality had used proper care, an inference or presumption of negligence arises. The burden then rests upon the respondent to rebut the presumption of negligence arising from the facts of the case" (*City of St. Louis vs. State*, 24 C.C.R. 477, 479)

Claimants further urge that Noel Paul violated the Uniform Motor Vehicle Traffic Act, Illinois Motor Vehicle Code, Ch. 95½, Sec. 157, Ill.Rev.Stat., 1969, which provides that whenever any roadway has been divided into two or more clearly marked lanes of traffic, a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

In the opinion of the Court, the passenger claimants were not contributorily negligent and the injuries which they received were proximately caused by respondent's negligence in failing to keep its vehicle under control and in its proper lane, or in failing to control the action of the snowplow blade.

It appears from the evidence that claimant, George Pascucciello, suffered back injuries and missed two weeks of work. Claimant, Marie Rivoltorto, had a fracture of her right wrist and missed 11 weeks of work. The evidence further shows that Yolanda Romanazzi expended $50.00 for medical expenses as a result of said accident, but she did not appear at the hearing.

Claimants are hereby awarded the following amounts: George R. Pascucciello is awarded the sum of $1,500; Marie Rivoltorto is awarded the sum of $5,000 and Yolanda Romanazzi is awarded the sum of $50.00.